**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 26-cv-5635-WJM

MODOU KHOUDIA NIOME,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the Denver Contract Detention Facility, *et al*.

Respondents.

---

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

Before the Court is Petitioner Modou Khoudia Niome's Petition for Writ of Habeas Corpus, brought pursuant to 28 U.S.C. § 2241 ("Petition") (ECF No. 1). Respondents Juan Baltazar, in his official capacity as Warden of the Denver Contract Detention Facility; Todd Blanche, in his official capacity as U.S. Attorney General; David J. Venturella, in his official capacity as Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement ("ICE"); Markwayne Mullin, in his official capacity as Secretary of U.S. Department of Homeland Security ("DHS"); and George Valdez, in his official capacity as Denver Field Office Director for ICE (collectively, "Respondents" or the "Government") filed a cursory response. (ECF No. 8.) Niome filed a reply. (ECF No. 9.)

For the following reasons, the Court grants the Petition.

## I. BACKGROUND

This case presents an all-too-familiar fact pattern. Niome is a native of Senegal.

(ECF No. 1 at ¶ 27.) He entered the United States on or about February 25, 2024. (*Id.* at ¶ 24.) Shortly after entry, he turned himself into DHS for processing, after which DHS issued him a Notice to Appear and initiated removal proceedings under 8 U.S.C. § 1229(a). (*Id.* at ¶ 25–26.) DHS released Niome on his own recognizance to continue with his immigration proceedings outside of detention. (*Id.* at ¶ 27.) Niome subsequently moved to Denver, Colorado. (*Id.* at ¶ 28.)

Niome has built community ties in the United States. (*Id.* at ¶ 30.) He worked full time at Walmart and lived in an apartment with his spouse and children. (*Id.* at ¶¶ 30–31.) He has no criminal history and has complied with his immigration obligations, including attending his scheduled hearings. (*Id.* at ¶¶ 28–29.)

On July 14, 2026, Respondents re-detained and arrested Niome without a warrant and without probable cause during a routine ICE check-in. (*Id.* at ¶ 32–33.) Niome alleges that, at the time of his re-detention, Respondents provided him with no notice of any failure to comply with the conditions of their release, no pre-deprivation notice, no opportunity to contest his re-detention, nor any explanation of new circumstances that justified the detention. (*Id.* at ¶ 33.)

Niome has filed an application for asylum and that application remains pending with the immigration court. (Id. at ¶ 34; ECF No. 1-1 at 7.) While these proceedings are pending, Niome remains detained in Aurora, Colorado. (ECF No. 1 at ¶ 35.)

## II. LEGAL STANDARD

"Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004.) More specifically, 28 U.S.C. § 2241 "confers jurisdiction upon the federal courts to hear [such

cases." *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (citing 28 U.S.C. § 2241(c)(3) (authorizing any person to claim in federal court that they are being held "in custody in violation of the Constitution or laws . . . of the United States")). "The fundamental purpose of a § 2241 habeas proceeding is the same as that of § 2254 habeas and § 2255 proceedings: they are an 'attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.' " *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).

## III. ANALYSIS

Niome challenges the legality of his detention, alleging that: (1) the warrantless arrest constituted a violation of the Fourth Amendment relevant Immigration and Nationality Act ("INA") provisions (Count One); (2) his detention without pre-deprivation process violates the Fifth Amendment (Count Two); and (3) his continuing civil detention lacks the special justification required by the Fifth Amendment (Count Three). The Court finds that Niome's warrantless arrest violated the INA, and as a result it need only reach the merits of Count One to resolve the Petition.

### A. Warrantless Arrest

Niome alleges that Respondents provided neither a warrant, nor a lawful basis for a warrantless arrest under 8 U.S.C. § 1357(a)(2) when they "arbitrarily" detained him (Count One). (ECF No. 1 at ¶ 36.) Count One also contains a Fourth Amendment challenge. (*Id* at 28–29.) Having concluded that Respondents violated § 1357(a)(2), the Court does not reach Niome's contention as to the Fourth Amendment. *See United States v. Hardman*, 297 F.3d 1116, 1124 (10th Cir. 2002) ("[I]t is well-settled that federal courts should avoid deciding constitutional issues when statutory issues are

dispositive.")

Niome alleges he was "arbitrary detained" after attending a scheduled Intensive Supervision Appearance Program check-in as required by his release conditions. (ECF No. 1 at ¶ 38.) Moreover, he contends that § 1357(a)(2) requires a pre-arrest basis to believe he was likely to escape before a warrant could be obtained. (*Id*. at ¶ 36.) Nothing in the record indicates that Niome received any such pre-arrest determination. Thus, that Respondents have violated their own regulations is manifestly clear. *See* 8 U.S.C. § 1357(a)(2) (allowing an ICE officer to make warrantless arrests of noncitizens "*if he has reason to believe* that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest.") (emphasis added); 8 C.F.R. § 287.8(c)(ii) (ICE officer must obtain arrest warrant "except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained."). "[C]ourts across the country routinely hold that (1) ICE violating its own regulations in detaining an individual is a due process violation, and (2) this violation makes the detention unlawful and the proper remedy is release." *Izquierdo Navarro v. Bondi*, 2026 WL 468582, at *3 (D. Colo. Feb. 18, 2026) (collecting cases). The Court makes that same conclusion here.

Respondents have failed to provide any argument explaining how they satisfied the requirements under §1357(a)(2). Indeed, "[f]or purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." (ECF No. 9 at 1.) Respondents further recognize that "if the Court does grant the Petition, the appropriate relief would be an Order directing

that Respondents, within seven days of this Court's Order." (*Id.*) (citing *Santillan Quiroz*, 180 F.4th 1226 (10th Cir. 2026)).

In sum, "[t]he Government has offered neither a justification nor a formal process for the deprivation of Petitioner's protected liberty interest." *Sosa v. De Anda-Ybarra*, 2026 WL 1453999, at *2 (D.N.M. May 22, 2026). Together, these wrongs constitute violations of the INA.

**B. Remedy**

The Government declined to substantively address Niome's claims. (ECF No. 8.) It even concedes that "the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, release Petitioner from detention." (*Id.* (emphasis in original).) Niome requests immediate release. (ECF No. 1 at ¶¶ 52, 57.)

In the Court's view, only immediate release, and not a bond hearing, will suffice. This Court has already written of its "concern[] that the immigration courts are not affording immigrants fair bond hearings," as "the mounting evidence that bond determination hearings conducted in Immigration Court under § 1226(a) have preordained outcomes has become impossible to ignore." *Pal v. Lyons,* 2026 WL 937962, at *4 (D. Colo. Apr. 7, 2026); *see also Quiroz Zacarias v. Mullin,* 2026 WL 1092162, at *4–*5 (D. Colo. Apr. 22, 2026) (concluding "the IJ deprived [petitioner] of his due process rights" by issuing a bond decision that was "wholly bereft of any analysis whatsoever"). Indeed, courts across the country have, with increasing frequency, ceased "order[ing] even initial bond hearings in cases like this one involving unlawful detention under § 1225(b) because Respondents' conduct can no longer be attributed to mere negligence or ineptitude, . . . and doing so would effectively allow the

Government to transform an unlawful detention into a lawful one through *post-hoc* justifications." *Zheng v. Rokosky,* 826 F. Supp. 3d 545, 563 (D.N.J. 2026) (collecting cases).

Given this reality, the Court will order Niome' immediate release.

## IV. CONCLUSION

For all these reasons, the Court ORDERS as follows:

1. The Court's Order to Show Cause (ECF No. 4) is MADE ABSOLUTE and Niome's Petition (ECF No. 1) is GRANTED;

2. The Court GRANTS this relief to Niome pursuant to the statutory claims in Count One and does not reach the merits of the Fourth Amendment claim in Count One, nor does it reach the merits of Counts Two and Three;

3. **By no later than tomorrow, November 14, 2026**, Respondents shall IMMEDIATELY RELEASE Niome on his own recognizance, along with all his personal belongings, and may not impose any conditions of release or supervision that were not imposed following his initial processing by DHS. **No additional conditions of release shall be imposed on Niome by Respondents**. Respondents shall further facilitate Niome's transportation from the detention facility by providing all necessary identity and travel documents to return to his primary address,

4. Respondents are ENJOINED from re-arresting or re-detaining Niome unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that he is a flight risk or danger to the community such that his physical custody is legally justified pursuant to 8 U.S.C § 1226(a). At any such bond hearing, Respondents shall bear the burden of proof, and

Niome shall be allowed to have counsel present. This injunction shall remain in effect until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;

5. During such periods of time as Niome remains in Respondents' custody, Respondents shall continue to be ENJOINED from removing, transferring, or causing the removal or transfer of, Niome from the District of Colorado until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;

6. Should Niome believe he has a good faith basis to seek attorney's fees pursuant to the Equal Access to Justice Act, he is GRANTED leave to file a motion seeking the same, along with all supporting documentation, by no later than **December 9, 2026**. Respondents shall file a response by no later than **December 30, 2026**, and Niome shall file a reply by no later than **January 13, 2027**; and

7. Judgment shall enter in Niome's favor and against Respondents on **November 25, 2026,** UNLESS prior thereto the Court is informed that Respondents have failed to fully and timely comply with the terms of this Order.

Dated this 13th day of November, 2026.

BY THE COURT:

William J. Martinez
Senior United States District Judge